# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) No. 3:05-CR-95 |
| | ) No. 3:06-CR-5000 |
| HAROLD E. WILSON | ) |

## MEMORANDUM AND ORDER

This matter is before the court on the defendant's *pro se* motion for early termination of supervised release [R. 61]. In support of his motion, defendant states that while incarcerated, he mentored men and was a model inmate. Since his release, he has complied with all terms of his supervision. Defendant is presently active with several ministries that directly impact prison reentry and prevention – CONNECT Ministries and Tennessee Promise. Defendant also seeks early termination so he is free to travel outside the state with these ministries, visit family members, and take a vacation. He further states he is employed as a Supervisor with KAT, and has recently purchased a home.

Defendant's probation officer reports that defendant has maintained a stable residence and he is now a Supervisor for Knox Area Transit. Defendant's drug screens have been negative and he has cooperated and reported to the Probation Office as directed with no issues. The Probation Office does have some concerns about defendant's previous criminal activities while under supervision and the fact that defendant has only completed 3 years of his 8-year term of supervised release.

The United States Attorney opposes termination because defendant has not served at least half of his term of supervised release.

Defendant was convicted of possession of crack cocaine with intent to distribute and he was sentenced to 120 months imprisonment followed by eight years of supervised release. In addition, the court found defendant had violated the terms of his probation imposed in a previous case, and sentenced him to an additional term of 37 months to be served concurrently. Defendant commenced supervised release on December 31, 2014. Defendant moves for early termination of supervised release pursuant to 18 U.S.C. § 3583(e) which provides:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(6), and (a)(7) –
>
> Terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1).

After carefully considering the requirements of the statute, the positions of the Probation Office, and the United States Attorney, the court finds that the relevant portions of 18 U.S.C. § 3583(a) do not support termination of defendant's supervised release at this time. Although it appears that defendant has made great strides in rehabilitation, the court feels that an additional year of supervision will ensure that defendant poses no threat to any individual or the community to reoffend. Accordingly, the court finds defendant's motion

for early termination of supervised release premature at this time, and it is **DENIED**, with leave to refile when defendant has completed four years of supervision.

The court commends defendant for his efforts to turn his life around, and encourages him to reapply for termination of supervised release when appropriate.

**IT IS SO ORDERED.**

*/s/ Pamela L. Reeves*
**UNITED STATES DISTRICT JUDGE**