**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**


| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **v.** | )   **No.  3:05-CR-95** |
| | )   **No. 3:06-CR-5000** |
| **HAROLD E. WILSON** | ) |


## MEMORANDUM AND ORDER


This matter is before the court on the defendant's *pro se* motion for early termination of supervised release [R. 63].  The court denied a previous motion because the probation officer had some concerns about defendant's previous criminal activities while under supervision and recommended that defendant would benefit from an additional year of supervision.  The court encouraged defendant to reapply for early termination after he completed one-half of his term of supervision.  Defendant has done so.

In support of his motion, defendant states that while incarcerated, he mentored other male inmates and was a model inmate.  Since his release, he has complied with all terms of his supervision.  Defendant is presently active with several ministries that directly impact prison reentry and prevention – CONNECT Ministries and Tennessee Promise. Defendant seeks early termination so he is free to travel outside the state with these ministries, visit family members, and take a vacation.  He further states he is employed with KAT and has been promoted to dispatcher.  He has recently purchased a home. Defendant serves as a class leader at A.M.E. Zion Church, where he serves as the President

of the Prince Gillenwaters Roundtable (a support group for men coming out of prison) and several other civic groups. His youngest daughter is a sophomore at MTSU.

Defendant's probation officer reports that defendant has maintained a stable residence and he is now a dispatcher for Knox Area Transit. Defendant's drug screens have been negative and he has cooperated and reported to the Probation Office as directed with no issues. At this time, the probation officer has no objection to early termination of supervised release.

Defendant was convicted of possession of crack cocaine with intent to distribute and he was sentenced to 120 months imprisonment followed by eight years of supervised release. In addition, the court found defendant had violated the terms of his probation imposed in a previous case, and sentenced him to an additional term of 37 months to be served concurrently. Defendant commenced supervised release on December 31, 2014. Defendant moves for early termination of supervised release pursuant to 18 U.S.C. § 3583(e) which provides:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(6), and (a)(7) –
>
> Terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1).

After carefully considering the requirements of the statute, the positions of the Probation Office, and the United States Attorney, the court finds that the relevant portions of 18 U.S.C. § 3583(a) support early termination of defendant's supervised release. Defendant has served four years of supervised release and has made great strides in his own rehabilitation and is helping others coming out of prison as well. The court finds that defendant poses no threat to any individual or the community to reoffend. Accordingly, the court finds defendant's motion for early termination of supervised release well taken and it is hereby **GRANTED**. Defendant's term of supervised release is **TERMINATED.**

The court commends defendant for his efforts to turn his life around and wishes him success in his future endeavors.

**IT IS SO ORDERED**.

**UNITED STATES DISTRICT JUDGE**